LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
By:     PIERRE G. ARMAND
        JOHN D. CLOPPER
        JAMES NICHOLAS BOEVING
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Tel.:   (212) 637-2724 (Armand)
        (212) 637-2716 (Clopper)
        (212) 637-2748 (Boeving)
Fax:    (212) 637-2730
Email: Pierre.Armand@usdoj.gov
        John.Clopper@usdoj.gov
        James.N.Boeving@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMERICAN INTERNATIONAL GROUP,  :
INC. and Subsidiaries,                         :
                                                          :          ECF Case
                            Plaintiff,              :
                                                          :          **ANSWER**
            v.                                         :
                                                          :          09 Civ. 1871 (LLS)
UNITED STATES OF AMERICA            :
                                                          :          Jury Trial Demanded
                            Defendant.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant the United States of America (the "United States" or "Defendant"), by its

attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York,

answers the February 26, 2009 complaint in this action (the "Complaint") of plaintiff American

International Group, Inc. and Subsidiaries ("AIG" or "Plaintiff"), on information and belief as

follows:

1.        Paragraph 1 contains conclusions of law, to which no response is required.  To the

extent that a response is required, Defendant denies the allegations in paragraph 1.

2.     Paragraph 2 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in paragraph 2 for a complete and accurate statement of the referenced provisions.

3.     Paragraph 3 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in paragraph 3 for a complete and accurate statement of the referenced provisions.

4.     Admits the allegations in the first, second, fourth and fifth sentences of paragraph 4.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5.     Admits the allegations in paragraph 5.

6.     Admits the allegations in paragraph 6.

7.     Admits the allegations in paragraph 7.

8.     Admits the allegations in the first and second sentences of paragraph 8. Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9.

10.     Paragraph 10 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, except admits that Pinestead Holdings Corp. ("Pinestead") was a member of the AIG Consolidated Group, which filed a consolidated federal income tax return for the 1997 tax year.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14.  The second sentence of paragraph 14 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 14.

15.     Paragraph 15 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19.     The first and second sentences of paragraph 19 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first

3

and second sentences of paragraph 19.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 19, except admits that Plaintiff reported $6,810,567 in alleged Subpart F income relating to the Lumagrove transaction for the 1997 tax year.

20.     The first and second sentences of paragraph 20 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 20.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 20.

21.     Paragraph 21 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22.     Paragraph 22 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.     The first, second and fourth sentences of paragraph 23 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in the first sentence of paragraph 23 for a complete and accurate statement of the referenced provisions; denies the allegations in the second sentence of paragraph 23; and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 23.  Defendant denies knowledge of information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 23, except admits that Plaintiff claimed a purported foreign tax credit

relating to the Lumagrove transaction in the amount of $3,830,944 on its 1997 consolidated federal income tax return. Defendant avers that the Lumagrove transaction described in paragraphs 9 though 27 of the Complaint, cannot be recognized for substantive tax purposes.

24.     Denies the allegations in paragraph 24, and avers that on or about March 20, 2008, the Internal Revenue Service ("IRS") issued a statutory notice of deficiency that disallowed purported foreign tax credits claimed by AIG as attributable to the Lumagrove transaction.

25.     Admits that IRS did not issue a notice of proposed adjustment relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Lumagrove transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

26.     Admits that IRS did not issue a revenue agent's report or a 30-day letter relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Lumagrove transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

27.     Denies the allegations in paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Paragraph 29 contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 33.  The second sentence of paragraph 33 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 33.

34.     Paragraph 34 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.     The first and second sentences of paragraph 38 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 38.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 38, except admits

that Plaintiff reported $1,680,907 in alleged Subpart F income relating to the Palmgrove

transaction for the 1997 tax year.

39.     The first and second sentences of paragraph 39 contain conclusions of law, to

which no response is required.  To the extent that a response is required, Defendant denies

knowledge or information sufficient to form a belief as to the truth of the allegations in the first

and second sentences of paragraph 39.  Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations in the third sentence of paragraph 39.

40.     Paragraph 40 contains conclusions of law, to which no response is required.  To

the extent that a response is required, Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 40.

41.     Paragraph 41 contains conclusions of law, to which no response is required.  To

the extent that a response is required, Defendant denies knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 41.

42.     The first, second and fourth sentences of paragraph 42 contain conclusions of law,

to which no response is required.  To the extent that a response is required, Defendant

respectfully refers the Court to the provisions of law cited in the first sentence of paragraph 42

for a complete and accurate statement of the referenced provisions; denies the allegations in the

second sentence of paragraph 42; and denies knowledge or information sufficient to form a belief

as to the truth of the allegations in the fourth sentence of paragraph 42.  Defendant denies

knowledge or information sufficient to form a belief as to the truth of the allegations in the third

sentence of paragraph 42, except admits that Plaintiff claimed a purported foreign tax credit

relating to the Palmgrove transaction in the amount of $945,510 on its 1997 consolidated federal

income tax return.  Defendant avers that the Palmgrove transaction described in paragraphs 28 though 46 of the Complaint cannot be recognized for substantive tax purposes.

43.     Denies the allegations in paragraph 43, and avers that on or about March 20, 2008, IRS issued a statutory notice of deficiency that disallowed the purported foreign tax credits claimed by AIG as attributable to the Palmgrove transaction.

44.     Admits that IRS did not issue a notice of proposed adjustment relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Palmgrove transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

45.     Admits that IRS did not issue a revenue agent's report or a 30-day letter relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Palmgrove transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

46.     Denies the allegations in paragraph 46.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47.

48.     Paragraph 48 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 52.  The second sentence in paragraph 52 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence in paragraph 52.

53.     Paragraph 53 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56.

57.     The first and second sentences of paragraph 57 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 57.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 57, except admits that Plaintiff reported $8,420,587 in alleged Subpart F income relating to the Maitengrove transaction for the 1997 tax year.

58.     The first and second sentences of paragraph 58 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 58.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 58.

59.     Paragraph 59 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.     Paragraph 60 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

61.     The first, second and fourth sentences of paragraph 61 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in the first sentence of paragraph 61 for a complete and accurate statement of the referenced provisions; denies the allegations in the second sentence of paragraph 61; and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 61.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 61, except admits that Plaintiff claimed a purported foreign tax credit relating to the Maitengrove transaction in the amount of $4,784,663 on its 1997 consolidated federal income tax return.  Defendant avers that the Maitengrove transaction described in paragraphs 47 though 65 of the Complaint cannot be recognized for substantive tax purposes.

62.     Denies the allegations in paragraph 62, and avers that on or about March 20, 2008, IRS issued a statutory notice of deficiency that disallowed purported foreign tax credits claimed by AIG as attributable to the Maitengrove transaction.

63.     Admits that IRS did not issue a notice of proposed adjustment relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Maitengrove transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

64.     Admits that IRS did not issue a revenue agent's report or a 30-day letter relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Maitengrove transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

65.     Denies the allegations in paragraph 65.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.     Paragraph 67 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

11

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, except admits that AIG-FP NZ#2 was incorporated under the laws of New Zealand.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 75.  The third sentence of paragraph 75 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 75.

76.     Paragraph 76 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Paragraph 77 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77.

78.     The first and second sentences of paragraph 78 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first

and second sentences of paragraph 78.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 78, except admits that for the 1997 tax year Plaintiff reported $28,073,828 in alleged Subpart F income relating to the AIG-FP NZ#1 transaction and $916,048 in alleged Subpart F income relating to the AIG-FP NZ#2 transaction.

79.    The first and second sentences of paragraph 79 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 79.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third and fourth sentences of paragraph 79.

80.    Paragraph 80 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80.

81.    Paragraph 81 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81.

82.    The first, second and fourth sentences of paragraph 82 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in the first sentence of paragraph 82 for a complete and accurate statement of the referenced provisions; denies the allegations in the second sentence of paragraph 82; and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 82.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third

sentence of paragraph 82, except admits that Plaintiff claimed purported foreign tax credits on its 1997 consolidated federal income tax return relating to the AIG-FP NZ#1 and AIG-FP NZ#2 transactions in the amounts of $13,827,414 and $451,188, respectively.  Defendant avers that the AIG-FP NZ#1 and AIG-FP NZ#2 transactions described in paragraphs 66 though 86 of the Complaint cannot be recognized for substantive tax purposes.

83.    Denies the allegations in paragraph 83, and avers that on or about March 20, 2008, IRS issued a statutory notice of deficiency that disallowed the purported foreign tax credits claimed by AIG as attributable to the AIG-FP NZ#1 and AIG-FP NZ#2 transactions.

84.    Admits that IRS did not issue a notice of proposed adjustment relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the AIG-FP NZ#1 and AIG-FP NZ#2 transactions due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

85.    Admits that IRS did not issue a revenue agent's report or a 30-day letter relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the AIG-FP NZ#1 and AIG-FP NZ#2 transactions due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

86.    Denies the allegations in paragraph 86.

87.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, except admits that Financiere Laperouse SCA ("Laperouse") was formed under the laws of France.

88.    Paragraph 88 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88.

89.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, except admits that Laperouse in form had authorized and outstanding two classes of stock, and avers that the Laperouse transaction, including but not limited to the classes of stock, cannot be recognized for substantive tax purposes.

90.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91.

92.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92.

93.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 93.  The second sentence of paragraph 93 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 93.

94.    Paragraph 94 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.     The first and second sentences of paragraph 98 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 98.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 98, except admits that Plaintiff reported $24,876,728 in alleged Subpart F income relating to the Laperouse transaction for the 1997 tax year.

99.     The first and second sentences of paragraph 99 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 99.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 99.

100.     Paragraph 100 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100.

101.     Paragraph 101 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.     The first, second and fourth sentences of paragraph 102 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in the first sentence of paragraph 102

for a complete and accurate statement of the referenced provisions; denies the allegations in the second sentence of paragraph 102; and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 102. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 102, except admits that Plaintiff claimed a purported foreign tax credit relating to the Laperouse transaction in the amount of $17,769,336 on its 1997 consolidated federal income tax return. Defendant avers that the Laperouse transaction described in paragraphs 87 though 106 of the Complaint cannot be recognized for substantive tax purposes.

103.     Denies the allegations in paragraph 103, and avers that on or about March 20, 2008, IRS issued a statutory notice of deficiency that disallowed purported foreign tax credits claimed by AIG as attributable to the Laperouse transaction.

104.     Admits that IRS did not issue a notice of proposed adjustment relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Laperouse transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

105.     Admits that IRS did not issue a revenue agent's report or a 30-day letter relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Laperouse transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

106.     Denies the allegations in paragraph 106.

107.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107, except admits that Financiere Vespucci SCA ("Vespucci") was formed under the laws of France.

17

108.     Paragraph 108 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109, except admits that Vespucci in form had authorized and outstanding three classes of stock, and avers that the Vespucci transaction, including but not limited to the classes of stock, cannot be recognized for substantive tax purposes.

110.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 110.

111.     Admits the allegations in paragraph 111.

112.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112.

113.     The first and third sentences of paragraph 113 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 113.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 113.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 115.  The second sentence of paragraph 115 contains conclusions of law, to which no response is required.  To the extent that a response is

required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 115.

116.    Paragraph 116 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116.

117.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117.

118.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 118.

119.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 119.

120.    The first and second sentences of paragraph 120 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 120.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 120, except admits that Plaintiff reported $9,215,472 in alleged Subpart F income relating to the Vespucci transaction for the 1997 tax year.

121.    The first and second sentences of paragraph 121 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 121.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 121.

122.    Paragraph 122 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122.

123.    Paragraph 123 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123.

124.    The first, second and fourth sentences of paragraph 124 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant respectfully refers the Court to the provisions of law cited in the first sentence of paragraph 124 for a complete and accurate statement of the referenced provisions; denies the allegations in the second sentence of paragraph 124, and denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 124.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 124, except admits that Plaintiff claimed a purported foreign tax credit relating to the Vespucci transaction in the amount of $6,582,571 on its 1997 consolidated federal income tax return.  Defendant avers that the Vespucci transaction described in paragraphs 107 though 128 of the Complaint cannot be recognized for substantive tax purposes.

125.    Denies the allegations in paragraph 125, and avers that on or about March 20, 2008, IRS issued a statutory notice of deficiency that disallowed purported foreign tax credits claimed by AIG as attributable to the Vespucci transaction.

126.    Admits that IRS did not issue a notice of proposed adjustment relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Vespucci

transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

127.    Admits that IRS did not issue a revenue agent's report or a 30-day letter relating to the disallowance of purported foreign tax credits claimed by Plaintiff as attributable to the Vespucci transaction due to time constraints caused by Plaintiff's refusal to extend the applicable statute of limitations.

128.    Denies the allegations in paragraph 128.

129.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129, except admits that Foppingadreef Investments (No. 2) N.V. ("Foppingadreef") was formed under the laws of the Netherlands Antilles.

130.    Paragraph 130 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 130.

131.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 131, except admits that Foppingadreef purported to have authorized and outstanding three classes of stock.  The second sentence of paragraph 131 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in the second sentence of paragraph 131, and avers that the Foppingadreef transaction, including but not limited to the classes of stock, cannot be recognized for substantive tax purposes.

132.    Denies the allegations in paragraph 132, and avers that each Class A share purported to entitle its holder to cast one vote at any general meeting of shareholders, and that such shares were purportedly acquired by ABN AMRO Bank N.V. ("ABN").  Defendant avers that the Foppingadreef transaction, including but not limited to the rights of the purported

shareholders as characterized in the transaction documents, and ABN's acquisition of the Class A shares, cannot be recognized for substantive tax purposes.

133.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133, except admits that each Class B share purported to entitle its holder to cast one vote at any general meeting of shareholders, and that such shares were acquired by NF Two Corporation ("NF Two").  Defendant avers that the Foppingadreef transaction, including but not limited to the rights of the purported shareholders as characterized in the transaction documents, and NF Two's acquisition of the Class B shares, cannot be recognized for substantive tax purposes.

134.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, except admits that each Class D share purported to entitle its holder to cast one vote at any general meeting of shareholders, and that such shares were acquired by NF Two.  Defendant avers that the Foppingadreef transaction, including but not limited to the rights of the purported shareholders as characterized in the transaction documents, and NF Two's acquisition of the Class D shares, cannot be recognized for substantive tax purposes.

135.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135, except admits that Foppingadreef purported to have authorized and outstanding Class C shares of stock; that each Class C share purported to entitle its holder to cast four votes at any general meeting of shareholders; that each Class C share purported to carry a right, for the first seven fiscal years after its issue, to a cumulative dividend at a fixed rate determined at a general meeting of shareholders; and that each Class C share purported to carry a right, in subsequent fiscal years, to a variable cumulative dividend at a floating rate.  Defendant avers that the Foppingadreef transaction, including but not limited to the rights of the purported

22

shareholders as characterized in the transaction documents, cannot be recognized for substantive tax purposes.

136.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 136, except admits that Foppingadreef in form issued warrants to NF Two purportedly entitling the holders to subscribe to Class C shares.  The second sentence of paragraph 136 contains conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 136. Defendant avers that the Foppingadreef transaction, including but not limited to the warrants and the rights of the purported holders as characterized in the transaction documents, cannot be recognized for substantive tax purposes.

137.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137.

138.    Denies the allegations in paragraph 138.

139.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 139, except admits that NF Two in form sold Class B shares, warrants and Class D shares to BankAmerica International Financial Corporation ("Bank of America"). Defendant avers that the Foppingadreef transaction, including but not limited to the shares and warrants, the rights of the purported holders of such shares and warrants as characterized in the transaction documents, and the sale to Bank of America, cannot be recognized for substantive tax purposes.

140.    Denies the allegations in the first sentence of paragraph 140.  The second sentence of paragraph 140 contains conclusions of law, to which no response is required.  To the extent

that a response is required, Defendant denies the allegations in the second sentence of paragraph 140.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 141.  The second sentence of paragraph 141 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 141.

142.    Denies the allegations in the first sentence of paragraph 142.  The second sentence of paragraph 142 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in the second sentence of paragraph 142.

143.    Paragraph 143 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 143. Defendant avers that the Foppingadreef transaction, including but not limited to the characterization of the alleged income of Foppingadreef and NF Two, cannot be recognized for substantive tax purposes.

144.    Denies the allegations in paragraph 144.

145.    Paragraph 145 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145.

146.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146.  Defendant avers that the Foppingadreef transaction, including but

not limited to Foppingadreef's alleged payment of Netherlands income tax, cannot be recognized for substantive tax purposes.

147.     Paragraph 147 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 147.

148.     Denies the allegations in the first sentence of paragraph 148.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 148.  Defendant avers that the Foppingadreef transaction, including but not limited to NF Two's claimed share of earnings, cannot be recognized for substantive tax purposes.

149.     Paragraph 149 contains conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in paragraph 149.

150.     The first, third and fourth sentences of paragraph 150 contain conclusions of law, to which no response is required.  To the extent that a response is required, Defendant denies the allegations in the first, third and fourth sentences of paragraph 150.  Defendant denies the second sentence of paragraph 150, and avers that Plaintiff claimed a purported foreign tax credit relating to the Foppingadreef transaction in the amount of $13,496,381 on its 1997 consolidated federal income tax return.

151.     Denies the allegations in paragraph 151, and avers that on or about March 9, 2004, IRS issued a 30-day letter concerning the Foppingadreef transaction and other adjustments, which AIG subsequently protested to the Appeals Division of IRS.

152.     Denies the allegations in paragraph 152, and avers that on or about March 20, 2008, IRS issued a statutory notice of deficiency that disallowed purported foreign tax credits claimed by AIG as attributable to the Foppingadreef transaction.

153.    Denies the allegations in paragraph 153, and avers that IRS made a number of determinations in the notice of deficiency, including that Foppingadreef was not a controlled foreign corporation, and that Plaintiff should have included certain contingent interest in its 1997 earnings and profits for purposes of determining the amount of any purported foreign tax credit.

154.    Denies the allegations in paragraph 154.

155.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 155. Admits the allegations in the third sentence of paragraph 155. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 155. The fifth sentence of paragraph 155 contains a definitional reference for purposes of the Complaint to which no response is required.

156.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the first and second sentences of paragraph 156. With respect to the third and fourth sentences of paragraph 156, Defendant respectfully refers the Court to the document referenced for a true and complete description of its contents. Defendant denies Plaintiff's statements and contentions set forth in the 1997 Restatement Refund Claim.

157.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 157, except admits that AIG identified on its 1997 consolidated federal income tax return certain items and transactions as "warrant[ing]" a "change or adjustment . . . ."

158.    Admits the allegations in paragraph 158.

159.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 159.

160.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 160, except admits that AIG restated certain financial statements with respect to the Union Excess transactions.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 160.

161.    Denies the allegations in paragraph 161.

162.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 162.

163.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 163.

164.    Paragraph 164 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the provisions of law cited in paragraph 164 for a complete and accurate statement of the referenced provisions.

165.    Denies the allegations in paragraph 165.

166.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 166.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 166, except admits that to the extent DCPPP payments were made to SICO Participants in connection with services performed on behalf of the CFC, such amounts are not deductible by AIG.

167.    Denies the allegations in paragraph 167.

168.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 169.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 170.

171.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 171.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 172.

173.     Denies the allegations in paragraph 173.

174.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 174.

175.     Denies the allegations in paragraph 175.

176.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 176.

177.     The first sentence of paragraph 177 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the provisions of law cited in paragraph 177 for a complete and accurate statement of the referenced provisions.  Defendant denies the allegations in the third sentence of paragraph 177.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 177.

178.     Denies the allegations in paragraph 178.

179.     Admits the allegations in the first sentence of paragraph 179.  Defendant denies the allegations in the second sentence of paragraph 179.

180.    Denies the allegations the first sentence of paragraph 180, and avers that Plaintiff filed proposed audit adjustments and claims for refund with IRS.  Defendant denies the allegations in the second sentence of paragraph 180, and avers that Plaintiff filed proposed audit adjustments and claims for refund with IRS.  Defendant denies the allegations in the third sentence of paragraph 180, and avers that the Complaint purports to incorporate the contents of Plaintiff's proposed audit adjustments and claims for refund.  Defendant denies Plaintiff's statements and contentions set forth in Plaintiff's proposed audit adjustments and claims for refund.  Defendant denies the remaining allegations in paragraph 180.

181.    Denies the allegations in paragraph 181.

182.    Paragraph 182 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the provisions of law cited in paragraph 182 for a complete and accurate statement of the referenced provisions.

183.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 183.

184.    Denies the allegations in paragraph 184, and avers that Plaintiff claimed a net non-life operating loss deduction for the 1997 tax year and that IRS issued a statutory notice of deficiency disallowing the deduction on or about March 20, 2008.

185.    Denies the allegations in paragraph 185, and avers that Plaintiff has filed formal claims and requests for administrative affirmative adjustments with IRS.

186.    Denies the allegations in paragraph 186.

187.    Denies the allegations in paragraph 187.

188.    Denies the allegations in paragraph 188.

189.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 189.

190.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190.

191.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 191.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 192.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 194.

195.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 195.

196.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 196.

197.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 197.  Defendant denies the remaining allegations in paragraph 197.

198.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 198.  Defendant denies the remaining allegations in paragraph 198.

199.    Denies the allegations in paragraph 199.

200.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 200.

201.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 201.

202.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202.

203.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 203. Defendant denies the remaining allegations in paragraph 203.

204.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 204. Defendant denies the remaining allegations in paragraph 204.

205.    Denies the allegations in paragraph 205.

206.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 206. Defendant denies the remaining allegations in paragraph 206.

207.    Denies the allegations in paragraph 207.

208.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 208.

209.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 209.

210.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 210.

211.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 211.

212.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 212.

213.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 213, and avers that Plaintiff made a determination that its accounting was incorrect and that Plaintiff restated its financial statements.

214.    Denies the allegations in paragraph 214.

215.    The first sentence in paragraph 215 contains conclusions of law, to which no response is required.  To the extent a response is required, Defendant respectfully refers the Court to the provisions of law cited in paragraph 215 for a complete and accurate statement of the referenced provisions, and denies knowledge or information sufficient to form a belief as to the truth of the factual allegations in the first sentence of paragraph 215.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 215.

216.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 216.  Defendant denies the remaining allegations in paragraph 216.

217.    Denies the allegations in paragraph 217.

218.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 218.

219.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 219.

220.    Denies the allegations in paragraph 220.

221.    Denies the allegations in the first sentence in paragraph 221, and avers that IRS issued Plaintiff a statutory notice of deficiency on or about March 20, 2008.  Defendant admits the allegations in the second sentence of paragraph 221.  Defendant denies the allegations in the third sentence of paragraph 221, and avers that IRS claimed additions to tax in the amount of $12, 632,368 pursuant to 26 U.S.C. § 6662(a).

222.    Denies the allegations in paragraph 222.

223.    Denies the allegations in paragraph 223, and avers that IRS assessed additional amounts due based upon the adjustments contained in the statutory notice of deficiency.

224.    Defendant respectfully refers the Court to the document referenced for a true and complete description of its contents.  Defendant denies Plaintiff's statements and contentions set forth in the referenced 1997 Deficiency-Related Refund Claim.

225.    Admits the allegations in paragraph 225.

226.    Admits the allegations in paragraph 226.

227.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227.

228.    The allegations in paragraph 228 are a reincorporation of allegations contained in prior paragraphs of the Complaint.  Defendant respectfully refers the Court to the prior paragraphs for Defendant's responses to the allegations in the prior paragraphs.

229.    Admits the allegations in paragraph 229.

230.    Admits the allegations in the first, third and fifth sentences of paragraph 230. Denies the allegations in the second sentence of paragraph 230.  Denies the allegations in the

fourth sentence of paragraph 230, and avers that IRS claimed an addition to tax in the amount of $12,632, 368.

231.    Admits the allegations in the first sentence of paragraph 231.  Denies the allegations in the second sentence of paragraph 231.  With respect to the third sentence of paragraph 230, Defendant respectfully refers the Court to the documents referenced for a true and complete description of their contents.  Defendant denies Plaintiff's statements and contentions set forth in the 1997 Restatement Refund Claim.

232.    Admits the allegations in the first sentence of paragraph 232.  Defendant denies the allegations in the second sentence of paragraph 232.

233.    Admits the allegations in paragraph 233.

234.    Denies the allegations in paragraph 234.

235.    The allegations in paragraph 235 are a reincorporation of allegations contained in prior paragraphs of the Complaint.  Defendant respectfully refers the Court to the prior paragraphs for Defendant's responses to the allegations in the prior paragraphs.

236.    Denies the allegations in paragraph 236.

237.    Denies the allegations in paragraph 237.

238.    Denies the allegations in paragraph 238, and avers that additional income in the same amount as the gross up pursuant to 26 U.S.C. § 78 is properly includible in Plaintiff's income.

239.    Denies the allegations in paragraph 239.

240.    The allegations in paragraph 240 are a reincorporation of allegations contained in prior paragraphs of the Complaint.  Defendant respectfully refers the Court to the prior paragraphs for Defendant's responses to the allegations in the prior paragraphs.

241.    Admits the allegations in paragraph 241.

242.    Denies the allegations in paragraph 242, and avers that on or about August 1, 2008, Plaintiff paid the United States $263,471,334.

243.    Admits the allegations in paragraph 243.

244.    Denies the allegations in paragraph 244.

245.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 245.

246.    Denies the allegations in paragraph 246.

## FIRST DEFENSE

The transactions alleged in paragraphs 8 through 154 of the Complaint lack economic substance, and are therefore not entitled to the tax treatment alleged by Plaintiff.

## SECOND DEFENSE

The transactions alleged in paragraphs 8 through 154 of the Complaint are properly characterized as loan or lending transactions directly between the Plaintiff and its counterparty for substantive tax purposes, and are therefore not entitled to the tax treatment alleged by Plaintiff.

## THIRD DEFENSE

The transactions alleged in paragraphs 8 through 154 of the Complaint are not entitled to the tax treatment alleged by Plaintiff because they were structured to include economically unnecessary features for the purpose of gaining favorable tax treatment, which must be disregarded for tax purposes.

## FOURTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff has failed to state a claim upon which relief can be granted.

## FIFTH DEFENSE

The Complaint should be dismissed to the extent that the Court lacks subject matter jurisdiction.

## SIXTH DEFENSE

To the extent that Plaintiff establishes that it is entitled to a downward adjustment of its taxable income for the 1997 tax year, the United States reserves the right to assert as a defense, and asserts as a defense, any appropriate disallowance of other reported losses or deductions or other grounds to increase taxable income for the 1997 tax year, for purposes of offsetting Plaintiff's claimed reductions in taxable income for that year, *see Lewis v. Reynolds*, 284 U.S. 281 (1932), including but not limited to any disallowance of interest expense deductions claimed by Plaintiff in connection with the AIG-FP NZ #1, AIG-FP NZ #2, Laperouse, Lumagrove, Maitengrove, Palmgrove, and Vespucci transactions described in paragraphs 8-128 of the Complaint. On information and belief, the interest expense deductions that may be disallowed for purposes of offsetting any downward adjustments to Plaintiff's 1997 taxable income established by Plaintiff include, but are not limited to, the following:

| Transaction | Claimed Interest Expense Deduction |
|---|---|
| Palmgrove | $1,601,925.00 |
| Maitengrove | $7,767,892.00 |
| Lumagrove | $6,125,265.00 |
| Laperouse | $23,165,617.00 |
| Vespucci | $8,509,043.00 |
| AIG-FP NZ# and #2 | $24,701,584.00 |

36

WHEREFORE, having fully answered, defendant United States of America demands judgment dismissing the Complaint and granting such other relief as the Court deems just and proper, including costs and disbursements.  To the extent that this matter proceeds to trial, the United States demands a trial by jury pursuant to 28 U.S.C. § 2402.

Dated: New York, New York
      June 30, 2009

                        LEV L. DASSIN
                        Acting United States Attorney for the
                        Southern District of New York

             By:      */s/   Pierre G. Armand*
                        PIERRE G. ARMAND
                        JOHN D. CLOPPER
                        JAMES NICHOLAS BOEVING
                        Assistant United States Attorneys
                        86 Chambers Street
                        New York, New York 10007
                        Tel.:   (212) 637-2724 (Armand)
                                 (212) 637-2716 (Clopper)
                                 (212) 637-2748 (Boeving)
                        Fax:   (212) 637-2730
                        Email: Pierre.Armand@usdoj.gov
                                 John.Clopper@usdoj.gov
                               James.N.Boeving@usdoj.gov

TO:    Lewis S. Wiener
        Sutherland Asbill & Brennan LLP
        1114 Avenue of the Americas, 40th Floor
        New York, NY 10036