ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - X

AMERICAN INTERNATIONAL GROUP, INC.,

        09 Civ. 1871 (LLS)

    Plaintiff,

        OPINION DENYING
- against -      MOTION IN LIMINE

UNITED STATES OF AMERICA,

    Defendant.

- - - - - - - - - - - - - - - - - - X

  The Defendant United States of America moves <u>in limine</u> to exclude evidence of domestic transactions, claimed by Plaintiff American International Group ("AIG") to be identical to the foreign transactions except without foreign tax, but which the government urges are immaterial, complex and a confusing distraction which will impose wasteful and burdensome discovery proceedings, require development of new areas of expert testimony, lengthen the trial, and unnecessarily complicate the jury's work.

  The dispute is an important one, and its resolution follows from a simplified statement of the trial issues.

  The analysis of the commercial, rather than tax-exploitive, nature of a transaction has two prongs: objective and subjective; and "both prongs are factors to consider in the

- 1 -

overall inquiry into a transaction's practical economic effects." See the extensive, authoritative discussion in <u>Bank of N.Y. Mellon Corp. v. Comm'r</u>, 801 F.3d 104, 115 (2d Cir. 2015). The objective prong looks for profits independent of tax treatment, and requires that foreign taxes paid as an expense of the business be deducted from income before calculation of profit, and stops there, concluding that the measure of business, non-tax profit is completed. It does not consider the indemnity of that expense by foreign tax credits ("FTC"). In this case, the (before FTC) deduction of the foreign taxes paid reduces the income from the foreign transaction so much that there is no profit. That favors conclusions that the transaction itself is not profitable, would not have been entered into without the prospect of the FTC, and has no independent business purpose.

The subjective prong looks to the total economic effect of the transaction, and the parties' expectations, purpose and reasons for entering into it, such as evidence of their contemporaneous statements and characterizations of it. In AIG's submission, these foreign transactions generated substantial profits by themselves (which were duly taxed by the United States authorities), which profits would have been consumed by the foreign taxes, if they were not in turn offset

- 2 -

by the FTC in effectuation of the policy against double taxation. That favors the conclusion that the foreign transaction offered profit exclusive of tax benefits, had economic substance, and an independent non-tax business purpose when subjected to only one (U.S.A.) set of taxes. That conclusion, AIG says, is persuasively demonstrated by the proffered domestic transactions.

The domestic transactions were profitable. They did not involve AIG's payment of a foreign tax, and thus had no need for an FTC. Therefore, their business results stand alone, and if they are comparable, add considerable force to AIG's argument that the foreign transactions had non-tax purposes. AIG claims in its September 13, 2017 brief in opp. pp. 1-2:

> They are identical for all material purposes. In addition to the testimony of AIG's fact witnesses who regarded the two types of transactions as comparable when they structured them, AIG's experts have testified that their similarity makes the Domestic Transactions the best economic "comparable" for proving that the Foreign Transactions furthered a "non-tax business purpose" under the economic substance doctrine and for disproving the government's contention that the "source of profit" in the Foreign Transactions was foreign tax credits ("FTCs"). Indeed, even the government's chief economic expert regards the two types of transactions as structurally similar.
>
> \*   \*   \*
>
> The only difference between the Domestic and Foreign Transactions was the domicile of the special purpose vehicle ("SPV") that earns income

- 3 -

and pays tax. In the Foreign Transactions, the SPV was domiciled abroad, which led to the incurrence of a foreign tax and a corresponding dollar-for-dollar FTC on AIG's U.S. tax return. In the Domestic Transactions, the SPV was domiciled in the United States. There was thus no foreign tax paid and no FTC claimed. AIG's witnesses will testify that AIG preferred the Domestic Transactions, and the record will show that AIG entered into more Domestic Transactions than Foreign Transactions. The Domestic Transactions show that AIG was not attempting to obtain FTCs (let alone "solely" to obtain FTCs) because AIG entered into precisely the same transactions without seeking or obtaining any FTCs.

The Domestic Transactions also refute the government's repeated assertion that the only "source of profit" of the Foreign Transactions was FTCs. AIG's experts refute the government's position by showing that no "profit" can result from claiming a dollar of FTC after paying a dollar of foreign tax. The fact that the Foreign and Domestic Transactions had similar profits, where the Domestic Transactions did not utilize any FTCs, bears out this point. The "source of profit" for the Foreign Transactions cannot be the FTCs and must thus be rooted elsewhere – namely, in the low-cost borrowing that AIG obtained from the foreign banks, which resulted from the favorable foreign tax treatment afforded the foreign banks by *their* home countries. The Domestic Transactions will thus help the jury understand the true role of the FTCs and give the jury a complete picture of AIG's business purpose in entering into the transactions.

Such evidence bears so directly on the issue whether the foreign transactions had "no business purpose or economic effect other than the creation of tax" benefits, DeMartino v. Comm'r, 862 F.2d 400, 406 (2d Cir. 1988), that it cannot be excluded in advance of trial.

- 4 -

In fact, the presentation of the domestic transactions need not present extraordinary complexities. The salient point should be whether they have such significant differences from the foreign transactions that the two classes of transactions cannot be usefully compared. Those differences should be identified and isolated by counsel before trial, at the latest in the joint pretrial order, so that their submission to the jury can be evaluated.

The motion to exclude the domestic transactions <u>in limine</u> (Doc. No. 168) is denied.

So ordered.

Dated:   New York, New York
         October 6, 2017

                              _____
                                    LOUIS L. STANTON
                                         U.S.D.J.